IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER ANDERSON, Inmate #A56017, )<br>)<br>    **Plaintiff,**      )<br>)<br>vs.                                  )<br>)<br>ROGER WALKER, et al.,           )<br>)<br>    **Defendants.**        ) | CIVIL NO. 09-cv-307-DRH |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff Walter Anderson, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon

careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### COUNT 1

Anderson alleges that he received an investigative report and was placed in administrative segregation pending investigation. He asked to be given a polygraph test, but Defendant Brookhart refused that request. Anderson later came before the Adjustment Committee and was found guilty of the charges; he was punished with three months in segregation, three months in C-grade, and the loss of three months of good conduct credit. He now challenges the validity of these proceedings, arguing that Brookhart should have honored his request for a polygraph exam.

A loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Anderson's sentence. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Anderson has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of his claim. Accordingly, this claim is dismissed without prejudice to Anderson bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

Accordingly, this claim will be dismissed from this action.

**COUNT 2**

Anderson next alleges that in November 2007, he wrote a grievance over potential health hazards in the shower. Specifically, he states that he was forced to use the shower after it was used by an inmate who was bleeding from his anal area, and the shower was not sanitized before Anderson used it. He alleges that his counselor returned that grievance to him the night before he was transferred to Pinckneyville.

Anderson makes no specific allegations against any of the named defendants regarding this incident. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED.R.CIV.P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Moreover, a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d

644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, this claim will be dismissed from this action with prejudice.

## COUNT 3

Once at Pinckneyville, Anderson filed a grievance over the fact that there were no emergency call buttons in the segregation cells in that institution. Apparently he experienced some seizures while in his cell, yet was unable to get the attention of officers or nurses in the area.

To the extent that he is trying to present an Eighth Amendment claim regarding his medical care, Anderson makes no allegations against any specific defendant. *See Hoskins*, 320 F.3d at 764; *Brokaw*, 235 F.3d at 1024; *Collins*, 143 F.3d at 334. Further, the absence of call buttons would be, at best, a claim of negligence, but negligence is not actionable under civil rights jurisprudence. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994). According, Count 3 will be dismissed from this action with prejudice.

## DISPOSITION

None of Anderson's claims survive review under 1915A. Accordingly, this action is **DISMISSED** with prejudice. Anderson is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: November 30, 2009.**

/s/   DavidRHerndon

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**